IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CYNTHIA DIAZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-23-CV-00204-DB-RFC |
| | § | |
| DR. KILOLO KIJAKAZI, Acting | § | |
| Commissioner of the Social Security | § | |
| Administration, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES IN PART**

On this day, the Court considered Plaintiff Cynthia Diaz's ("Plaintiff") "Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)" ("Motion") (ECF No. 15) and supporting documents (ECF Nos. 15-1; 15-2) filed on September 15, 2023. On September 21, 2023, Defendant Commissioner of Social Security ("Defendant" or "Commissioner") responded to the Motion ("Response"). (ECF No. 16.) For the following reasons, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

In her Motion, Plaintiff seeks fees and costs totaling $1,310.63 as compensation for 4 hours of work performed by her attorney, Bryan Konoski, and 3 hours of paralegal work, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 15-2:5; 15:1.) On April 25, 2023, Plaintiff signed "Plaintiff's Declaration and Assignment of EAJA Fee" ("Assignment"). (ECF No. 15-2:7.) Under the Assignment, Plaintiff assigned any future EAJA award to "be paid to [her] attorneys, KONOSKI & PARTNERS, P.C." (*Id.*)

In her Response, the Commissioner does not oppose the portion of the fee for work by Plaintiff's attorney but opposes the hourly rate used for paralegal work. (ECF No. 16:1.) The

Commissioner also opposes Plaintiff's request that the EAJA award be made payable to Plaintiff's attorney, rather than Plaintiff herself. (*Id.*)

First, Plaintiff is entitled to an EAJA award. 28 U.S.C. § 2412(d); *Shalala v. Schaefer*, 509 U.S. 292, 296–98, 303 (1993); *see* (ECF Nos. 13; 14; 15:6–17). The Commissioner does not dispute this. (ECF No. 16:1.)

Next, the Court must determine the amount of the award. The Commissioner does not dispute that Plaintiff's request for $950.63 in fees for Plaintiff's attorney's work on the case is reasonable. (*Id.*) However, the Commissioner disputes the hourly rate of $120 (multiplied by 3 total hours of work) for the paralegal work performed. (*Id.*)

A prevailing party can recover for paralegal work as part of its attorney's fees, as long as the work was legal in nature. *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Attorneys' fees under the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). Thus, paralegal work must also be billed at the prevailing market rate. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008).

The Commissioner asserts "that a reasonable paralegal rate for this district would be $100.00 per hour based on comparable paralegal awards in the context of the EAJA in this Circuit." (ECF No. 16:2.) *See, e.g.*, *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *3 (S.D. Tex. August 10, 2023); *Tammy J. v. Kijakazi*, No. 1:21-CV-145-H-BU, 2023 WL 5941749, at *1 (N.D. Tex. Aug. 25, 2023), *report and recommendation adopted*, No. 1:21-CV-145-H-BU, 2023 WL 5945846 (N.D. Tex. Sept. 12, 2023); *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) (all using a rate of $100 per hour for paralegal work).

Plaintiff's attorney works in New York, New York, and Plaintiff uses the CPI-All Items index for New York and New Jersey to calculate the hourly rate for her attorney.  (ECF No. 15:3.) The hourly market rate for paralegals in the Southern District of New York is also $100 per hour. *See, e.g., Appling v. Kijakazi*, No. 21 CIV. 5091 (SLC), 2023 WL 4863744, at *4 (S.D.N.Y. July 31, 2023) (stating that a "proposed hourly rate of $100.00 for paralegals is . . . reasonable"); *Vasquez v. Comm'r of Soc. Sec.*, No. 21-CV-01373 (BCM), 2023 WL 4535132, at *1 (S.D.N.Y. July 13, 2023) (using a rate of $100 per hour for paralegal work); *Rivalis v. Kijakazi*, No. 22-CV-02359 (ALC), 2023 WL 4073796, at *1 (S.D.N.Y. June 20, 2023) (same); *Hakim v. Kijakazi*, No. 21-CV-1460 (JLC), 2023 WL 142232, at *1 n.2 (S.D.N.Y. Jan. 10, 2023) ("As other courts in this District have found, the $100 paralegal hourly rate is reasonable.").  Thus, the court will adjust the paralegal hourly rate in this case down from $120 per hour to $100 per hour, for a total adjustment in fees from $1,310.63 to $1,250.63.

The Court next considers to whom the EAJA award should be made payable.  In *Astrue v. Ratliff*, the Supreme Court held that plaintiffs, rather than their attorneys, are the true "prevailing parties" who are entitled to EAJA awards.  560 U.S. 586, 589–96 (2010) (interpreting 28 U.S.C. § 2412(d)).  Following *Ratliff*, the Fifth Circuit held that "whereas [42 U.S.C.] § 406(b) fees are paid directly to the successful claimant's attorney, EAJA fees are paid to the claimant, who may or may not tender the award to counsel."  *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

Subsequently, district courts in the Fifth Circuit have often ordered EAJA awards payable to the plaintiff, even if the plaintiff assigned his or her rights to the award to the attorney.  *See, e.g.*, *Carpenter v. Kijakazi*, No. 21-328, 2022 WL 16961122, at *1–2 (E.D. La. Nov. 16, 2022) (ordering EAJA award payable to plaintiff despite assignment agreement); *McCullough v. Saul*, 2019 WL 2774336, at *2 (same); *Dieckow v. Saul*, No. 5-19-CV-796-RBF, 2020 WL 13441547,

at *3 (W.D. Tex. July 17, 2020) ("Whether the Commissioner pays the fees award to [the plaintiff] directly or in care of her counsel is left to the Commissioner's discretion. [The plaintiff's] assignment of an award to her attorney is a matter left for her and her attorney to resolve."); *Bickel v. Comm'r, Soc. Sec. Admin.*, No. 2:14-CV-00041, 2015 WL 296088, at *2 (E.D. Tex. Jan. 21, 2015) ("Plaintiff[']s payment of fees owed [to] his attorney is a matter of the retainer agreement between them.").

At least one district court in the Fifth Circuit has ordered payment of an EAJA award to the attorney rather than the litigant. *Bolden v. Colvin*, 114 F. Supp. 3d 397, 399–400 (N.D. Miss. 2015). The court emphasized that "*Ratliff*'s use of the phrase 'payable to the litigant' has no bearing on to whom the payment may be directed" and "[t]hus, *Ratliff* cannot be construed to deny attorneys from acquiring beneficial interests in, or contractual rights to, any awards or fees directly payable to their clients." *Id.* at 399. The court elaborated that "honoring fee assignments would alleviate collection problems for attorneys who are already statutorily limited to a relatively low fee, thereby serving the EAJA's policy aims of reducing the 'disincentives for those who would defend against unjustified governmental action.'" *Id.* at 400 (footnotes omitted) (quoting *United States v. Claro*, 579 F.3d 452, 466 (5th Cir. 2009)).

This Court recognizes the logic of the *Bolden* court's reasoning. However, consistent with *Ratliff*, *Jackson*, and the majority approach of Fifth Circuit district courts, the Court will make the EAJA award payable to Plaintiff.

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)" (ECF No. 15) be **GRANTED in part** and **DENIED in part.** The Motion is **GRANTED** as to $1,250.63 in attorney's fees but **DENIED** to the extent that Plaintiff requests direct payment of the award to her attorney.

**IT IS FURTHER ORDERED** that attorney's fees in the amount of $1,250.63 be awarded to claimant Cynthia Diaz, in care of her attorney of record, Brian Konoski. The payment should be mailed to Konoski & Partners, P.C., 305 Broadway, 7th Floor, New York, NY 10007.

**SIGNED** this 6th day of October, 2023.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**